Jenaro GUTIERREZ–MONDRAGON, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–73941.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

Richard Mendez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

Joan H. Hogan, OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order dismissing petitioner Jenaro Gutierrez–Mondragon's appeal of the Immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Judge's order denying his application for cancellation of removal.

A review of petitioner's response to this court's order to show cause and the administrative record demonstrates that petitioner has conceded that he lacks a qualifying relative for purposes of cancellation of removal as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir. 2002). Petitioner's challenges to the constitutionality of the statute are foreclosed. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir.2003) (holding that placing aliens in removal, rather than deportation, proceedings does not by itself amount to a due process violation); *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (9th Cir.2002) (no equal protection violation arising from placing aliens in removal rather than deportation proceedings); *see also Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002) ("[L]ine-drawing decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose"). The BIA therefore correctly concluded that, as a matter of law, petitioner was ineligible for cancellation of removal. Accordingly, this petition for review is summarily denied because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**